## Martin v. Clune, Executor

*J. Donald Ryan*, for plaintiff.
*Kelly, Fitzgerald & Kelly*, for defendant.

HOBAN, J., July 12, 1939.—This is an action of assumpsit by plaintiff, a practical nurse, against defendant, as testamentary trustee, for nursing services alleged to have been rendered to the cestui que trust and which under the terms of the testamentary trust plaintiff contends defendant should have paid in the exercise of his sound discretion. Defendant as an individual is a resident of Lackawanna County, but testatrix, who created the trust, was a resident of Susquehanna County. The will was probated in that county and the estate is in administration in the Orphans' Court of Susquehanna County. Defendant by petition challenges in limine the jurisdiction

of this court, in accordance with the provisions of the Act of March 5, 1925, P. L. 23.

The theory of plaintiff is that defendant violated the terms of his trust and abused the discretionary power vested in him to apply part of the principal of the trust estate to the payment of the claim for nursing services, although it is to be noted that there is no contract alleged on the part of either the trustee or of the cestui que trust authorizing said services to be provided. Essentially, therefore, the question is whether or not trustee and through him the trust res may be held accountable in this court for the propriety of his administration of the trust.

We think this is a matter which lies solely within the power of the court having control of the trust, that is, the Orphans' Court of Susquehanna County. We think the principles expressed in Wilson, Mayor, v. Board of Directors of City Trusts et al., 324 Pa. 545, control the situation here presented (pp. 551-553) :

"The scope of supervisory control of necessity includes any matter which concerns the integrity of the trust res— its administration, its preservation and its disposition and any other matter wherein its officers [trustees] are affected in the discharge of their duties. To the orphans' court is confided by the Fiduciaries Act of June 7, 1917, P. L. 447, section 47 (b) : 'The . . . power . . . to appoint one or more examiners to make periodical or special examinations of the assets of estates in the hands of . . . trustees . . . and power to require all persons in whose custody or control such assets may be held, to present them for such examination.'

"Thus, there is express statutory authority in them for the exercise of the power upon which the relief here sought is predicated. By common law, statutes and, to a certain extent the Constitution, the field of jurisdiction has been built within the orphans' court over trust estates created by will. There should be no divided authority or power, as it weakens the ultimate object to be attained and one court alone should be responsible. See *Seibert's*

*Appeal,* supra; *Brown's Appeal,* supra. No other court or body should be permitted to intermeddle with their control unless it be by express, definite and positive enactment by the legislature. . . . .

*"All trusts created by wills are within the exclusive jurisdiction of the orphans' court and trusts inter vivos may fall within the jurisdiction of the two courts."*

It certainly must be conceded that if any court other than the orphans' court, which controls the administration of the testamentary trust, should allow a judgment against the trustee to be followed by execution against the trust res, there would be in fact an interference with the control of the proper orphans' court over the trust. It is argued that, in the event of a judgment obtained in Lackawanna County, before payment it would have to be presented to the Orphans' Court of Susquehanna County. But the Orphans' Court of Susquehanna County, if such a judgment were allowed to stand, could not review the action of the Court of Common Pleas of Lackawanna County or go into the merits of the controversy. To hold otherwise would be to hold that the action of the Lackawanna County court was a nullity. On the other hand, to permit such action by the court of Lackawanna County would be to deprive the Orphans' Court of Susquehanna County of control over at least a part of the trust res and over the conduct of the trustee. This would be in flat violation of the principle announced in Wilson, Mayor, v. Board of Directors of City Trusts et al., supra.

We conclude, therefore, that the exclusive jurisdiction of the subject matter of this lawsuit lies with the Orphans' Court of Susquehanna County and the claim of plaintiff must be litigated there.

Now, July 12, 1939, the rule to show cause why the above-entitled action should not be dismissed for want of jurisdiction over the subject matter of the cause of action is made absolute, and the action is dismissed at the cost of plaintiff, without prejudice to plaintiff's right to present her claim to the appropriate tribunal.